UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CASTLEPOINT NATIONAL INSURANCE COMPANY f/k/a SUA INSURANCE COMPANY, <br><br> Plaintiff, <br><br> v. <br><br> BOYER-ROSENE MOVING AND STORAGE, INC., MIDWEST UNITED SERVICES, INC., HARTFORD UNDERWRITERS INSURANCE COMPANY, and NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, <br><br> Defendants. | No. 13 CV 3885 <br><br> Judge Manish S. Shah |

**MEMORANDUM OPINION AND ORDER**

CastlePoint National Insurance Company, Hartford Underwriters Insurance Company, and National Union Fire Insurance Company of Pittsburgh, PA, are all insurance companies. In a prior action, CastlePoint and Hartford—but not National Union—paid money to settle a workers'-compensation claim. Now CastlePoint seeks a judicial declaration that National Union was primarily obligated to provide the relevant workers'-compensation insurance. Also, CastlePoint and Hartford seek reimbursement from National Union for the money paid to the injured worker.

National Union contends that it rescinded the relevant insurance policy, and it is concurrently litigating that issue in California state court. Before me are National Union's motion to dismiss or stay the case, on abstention grounds, and CastlePoint's motion to remand the case to state court, on the basis that this court

lacks subject-matter jurisdiction. For the reasons discussed below, those motions are denied.

I.      **Case History**

Bruce Knoll was injured, filed a workers'-compensation claim, and obtained payment from CastlePoint and Hartford through a settlement agreement. [15] ¶¶ 15–28. National Union did not participate in the settlement process or pay Knoll any money. [15] ¶ 27. CastlePoint and Hartford contend that National Union issued an insurance policy—Policy No. WC 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—that obligated it to pay Knoll's claim. [15] ¶ 35; [25] ¶ 4.

CastlePoint brought suit against National Union and several other defendants, in the Circuit Court of Cook County. [1] at 1. As initially filed, the case did not present a federal question and the parties were not completely diverse. *See, e.g.*, [1-5] ¶¶ 1, 5–6, 8. After some defendants settled, CastlePoint filed a second amended complaint, seeking relief only from National Union (though other parties were named as "nominal" defendants). [1-6]. National Union removed the case to this court on the basis of diversity jurisdiction. [1]. Hartford—one of the nominal defendants—brought a cross-claim seeking relief only from National Union. [25].[1]

---

[1] When the case was removed from state court, there were "nominal" defendants named in the operative complaint, but no relief was sought from them. Their citizenship is irrelevant for diversity purposes. *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 460–61 (1980); *R.G. Wegman Constr. Co. v. Admiral Ins. Co.*, 629 F.3d 724, 726 (7th Cir. 2011); *Walton v. Bayer Corp.*, 643 F.3d 994, 999 (7th Cir. 2011) (citing cases). CastlePoint (a Delaware corporation principally located in Illinois), Hartford (a Connecticut corporation principally located in Connecticut), and National Union (a Pennsylvania corporation principally located in New York) are completely diverse. [53] at 2–3. Further, the amount-in-controversy requirement is met. [1] at 5.

In this court, National Union moved to dismiss or stay, on abstention grounds: National Union argued that a pending state-court case might resolve the issues in this case. [39]. CastlePoint and Hartford opposed that motion. [49]; [49] at 1 n.1. CastlePoint also moved to remand this case to state court, arguing that National Union's abstention argument stripped this court of subject-matter jurisdiction. [50].

## II. National Union's Motion to Dismiss or Stay

CastlePoint and Hartford's claims against National Union are based on an insurance policy—Policy No. WC 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—that National Union issued. [15] ¶ 35; [25] ¶ 4. National Union's primary defense is that it rescinded that policy. [40] at 5. Indeed, before this suit was filed, National Union sought, from a California state court, a declaration that it had rescinded the policy. [40] at 2. National Union was unsuccessful at the trial level, and the case is now on appeal. [40] at 2–3.

In light of that pending California state action, National Union asks me to dismiss or stay this case, under the *Wilton/Brillhart* abstention doctrine. [40]. That doctrine was recently explained by the Seventh Circuit:

> *Wilton-Brillhart* abstention applies when a federal court is called upon to proceed in a declaratory judgment suit where another suit is pending in state court presenting the same issues, not governed by federal law, between the same parties. In such a case, the question for the district court is whether the questions in controversy between the parties to the federal suit can better be settled in the proceeding pending in the state court. A concern for comity underlies this doctrine. As the Court put it in *Wilton*, where another suit involving the same parties and presenting opportunity for ventilation of the same state law issues is pending in state court, a district court might be indulging in gratuitous interference if it permitted the federal declaratory action to proceed.

3

> *Wilton-Brillhart* abstention is possible because of the federal court's unique and substantial discretion in deciding whether to declare the rights of litigants. The Declaratory Judgment Act is an enabling Act, which confers a discretion upon the courts rather than an absolute right upon the litigant. The propriety of declaratory relief in a particular case will depend upon a circumspect sense of its fitness informed by the teachings and experience concerning the functions and extent of federal judicial power. In contrast to most other actions, there is nothing automatic or obligatory about the assumption of jurisdiction by a federal court to hear a declaratory judgment action.
>
> Several factors guide the court's discretion, including the scope of the pending state court proceeding and whether the claims of all parties in interest can satisfactorily be adjudicated in that proceeding. This is an inherently discretionary call for the district court, because facts bearing on the usefulness of the declaratory judgment remedy, and the fitness of the case for resolution, are peculiarly within its grasp.

*Arnold v. KJD Real Estate, LLC*, 752 F.3d 700, 707 (7th Cir. 2014) (quotations, citations, and internal marks omitted).

The parties dispute how closely related this suit is to the California action, but there are two preliminary issues: whether *Wilton/Brillhart* applies to a suit initially brought under the Illinois declaratory-judgment statute, and whether this suit seeks more than purely declaratory relief.

### A. This case is governed by the federal Declaratory Judgment Act, not the Illinois statute concerning declaratory relief.

*Wilton/Brillhart* abstention is justified by the discretion conferred to courts by the federal Declaratory Judgment Act. *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995) (noting that the federal Declaratory Judgment Act provides that a court *may* declare the rights of interested parties); *Brillhart v. Excess Ins. Co.*, 316 U.S. 491, 494–95 (1942) ("Although the District Court had jurisdiction of the suit under

4

the Federal Declaratory Judgments Act, it was under no compulsion to exercise that jurisdiction."). This case was brought under the Illinois declaratory-judgment statute, 735 ILL. COMP. STAT. § 5/2-701, but "federal courts sitting in diversity apply state substantive law and federal procedural law." *Gasperini v. Center for Humanities, Inc.*, 518 U.S. 415, 427 (1996). The federal Declaratory Judgment Act is a procedural statute. *Medical Assur. Co. v. Hellman*, 610 F.3d 371, 377 (7th Cir. 2010). So is the relevant Illinois statute. *Office of State's Attorney v. Illinois Human Rights Comm'n*, 200 Ill.App.3d 151, 155 (2d Dist. 1990) ("The declaratory judgment procedure does not create substantive rights or duties but merely affords a new, additional, and cumulative procedural method for their judicial determination."). The federal Declaratory Judgment Act therefore governs the present dispute, *see Illinois ex rel. Barra v. Archer Daniels Midland Co.*, 704 F.2d 935, 939 (7th Cir. 1983) ("The amended complaint does not mention the Declaratory Judgment Act but instead asks for a declaratory judgment under the Illinois Civil Practice Act, which is inapplicable to suits in federal court."), and *Wilton/Brillhart* may be applicable.

### B. *Wilton/Brillhart* discretion is curtailed because the claims seek more than purely declaratory relief.

The Seventh Circuit has held that where a suit includes non-declaratory claims that can stand on their own, district courts *cannot* dismiss or stay such claims under *Wilton/Brillhart*, and *should not* exercise their discretion under the doctrine to dismiss or stay any related declaratory claims. *R.R. St. & Co. v. Vulcan Materials Co.*, 569 F.3d 711, 717 (7th Cir. 2009). Neither party developed an

argument, one way or the other, about whether the relief sought in this case is more than purely declaratory.[2] CastlePoint styles its claims as seeking declaratory relief (*see* [15]), but Hartford does not (*see* [25]). Hartford seeks reimbursement for money it paid to settle Bruce Knoll's workers'-compensation claim. Hartford seeks that relief under an equitable subrogation theory ([25] at Count I), an equitable contribution theory ([25] at Count II), and an unjust enrichment theory ([25] at Count III). For its part, CastlePoint seeks a declaration of National Union's obligations under the relevant insurance policy. [15] at 15, ¶ A. But like Hartford, CastlePoint also seeks reimbursement for money it has already paid, under equitable subrogation, equitable contribution, and unjust enrichment theories. [15] at 15, ¶¶ B–D. I agree with the court in *Travelers Property Casualty Company of America v. Cannon & Dunphy, S.C.*, 997 F.Supp.2d 937, 940 (E.D. Wis. 2014), that such reimbursement claims are independent[3] from any declaratory relief sought and *Vulcan Materials* therefore prevents me from dismissing or staying them under

---

[2] National Union did repeatedly refer to this as a "declaratory judgment" case, but did not substantively analyze the relief sought and argue that it was purely declaratory, rather than coercive, in nature. Such an argument from National Union might have been difficult to square with earlier filings, which suggest National Union knows the amount that CastlePoint already paid Knoll and now seeks in reimbursement. Specifically, in its notice of removal, National Union alleged that "[t]he amount in dispute here is approximately $166,000, the amount Castle[P]oint paid to settle the Knoll claim." [1] at 5.

[3] The *Vulcan Materials* court defined "independence" for these purposes: "A claim for non-declaratory relief is 'independent' of the declaratory claim if: 1) it has its own federal subject-matter-jurisdictional basis, and 2) its viability is not wholly dependent upon the success of the declaratory claim. . . . In other words, this test requires a court to adjudicate nondeclaratory claims if it determines there are claims in the case that exist independent of any request for purely declaratory relief, that is, claims that would continue to exist if the request for a declaration simply dropped from the case." *Vulcan Materials*, 569 F.3d at 716 n.6 (quotation, citation, and internal marks omitted).

6

*Wilton/Brillhart* (and counsels me not to dismiss or stay any related declaratory claims under that same doctrine).

### C. The California action will not resolve all of the issues in this case.

Further, I am not convinced that abstention under *Wilton/Brillhart* would be appropriate, even if this case involved only declaratory claims. The Seventh Circuit has set forth a non-exhaustive list of factors to be considered:

> [T]he federal court should consider (among other matters) whether the declaratory suit presents a question distinct from the issues raised in the state court proceeding, whether the parties to the two actions are identical, whether going forward with the declaratory action will serve a useful purpose in clarifying the legal obligations and relationships among the parties or will merely amount to duplicative and piecemeal litigation, and whether comparable relief is available to the plaintiff seeking a declaratory judgment in another forum or at another time.

*Nationwide Ins. v. Zavalis*, 52 F.3d 689, 692 (7th Cir. 1995); *see also Envision Healthcare, Inc. v. PreferredOne Ins. Co.*, 604 F.3d 983, 986–87 (7th Cir. 2010) ("Two actions are parallel when substantially the same parties are contemporaneously litigating substantially the same issues in two fora.").

There is no dispute that the parties to this case are not identical to the parties in the California action, though there is some overlap. *See* [54] at 8 ("[A]lthough the parties in this case and the California Rescission Action are not identical, National Union, Optima, and Alliance and ACEO—the entities that allegedly issued policies to or entered into agreements for workers compensation with Optima—all are named parties to the California Rescission Action. And, the

claims of both CastlePoint and Hartford in this case hinge on an alleged agreement between Optima and Alliance.").

Further, the claims are not the same. National Union acknowledges that the claims are different, but argues that the issues are substantially the same. [54] at 3. But that is only true under National Union's optimistic view that its position on rescission is meritorious and will completely dispose of this suit. All of the efficiencies that National Union argues would be gained through abstention are conditioned upon it prevailing in the California action—it has offered no theory on how this case would be resolved, or even simplified, if it loses in California. National Union lost at the trial level, and it has not given me any reason to conclude that it is especially likely to win on appeal. It failed to argue the merits of the California decision at all—it merely said that it "believes" the California trial court erred ([40] at 3) and that "[n]o party in this case can state with certainty the California court's decision in its pending appeal, or outcome of further litigation on the merits" ([54] at 6).

If National Union is unsuccessful in California, many issues would remain to be resolved here, including the scope and priority of the relevant insurance policies. Further, National Union has not represented that it will not raise additional defenses, other than rescission, for this court to resolve. In fact it has suggested the opposite. [40] at 5 n.4 ("Additionally, although rescission is the primary dispositive issue in this case, National Union does not waive the right to assert any additional claims or defenses in the future if necessary."). Finally, even if National Union

8

prevails in California, it has not argued—much less demonstrated—that CastlePoint and Hartford's unjust enrichment theories will be automatically defeated. So even if the present suit sought only declaratory relief, and I thus had discretion under *Wilton/Brillhart* to dismiss or stay the case, I would not do so.

## III. CastlePoint's Motion to Remand

CastlePoint moves to remand this case to state court, under 28 U.S.C. § 1447(c), arguing that this court lacks subject-matter jurisdiction. CastlePoint argues that because National Union asked me to apply *Wilton/Brillhart*, and in doing so referenced Rule 12(b)(1) of the Federal Rules of Civil Procedure, National Union has conceded that this court lacks subject-matter jurisdiction. [49] at 5. CastlePoint's argument is misplaced: parties "may neither confer subject matter jurisdiction on the district court nor strip it of such jurisdiction by agreement or waiver." *Adkins v. Ill. Cent. R.R. Co.*, 326 F.3d 828, 845 (7th Cir. 2003) (quoting *Buchner v. FDIC*, 981 F.2d 816, 818 (5th Cir. 1996)).[4]

In its reply brief, CastlePoint cites cases purportedly standing for the proposition that where a state-court case is removed to federal court, and the federal court then abstains from hearing the case, the federal court has the power to remand the case to state court—in other words, dismissal is not the federal court's

---

[4] Further, invoking *Wilton/Brillhart* is not a concession that this court lacks jurisdiction. Under *Wilton/Brillhart*, "district courts possess significant discretion to dismiss or stay claims seeking declaratory relief, *even though they have subject matter jurisdiction over such claims.*" *Envision Healthcare*, 604 F.3d at 986 (emphasis added) (quoting *Vulcan Materials*, 569 F.3d at 714).

9

only option). *See* [55] at 2. Because, as discussed above, I will not abstain from hearing this case, CastlePoint's cited authorities are inapplicable.

This court has subject-matter jurisdiction because the parties are diverse and the amount-in-controversy requirement is met. As discussed above, I do not abstain under *Wilton/Brillhart*. There is no basis for me to decline to exercise jurisdiction. *Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 355–56 (1988) ("In *Thermtron*, the District Court had no authority to decline to hear the removed case. The court had diversity jurisdiction over the case, which is not discretionary.") (discussing *Thermtron Products, Inc. v. Hermansdorfer*, 423 U.S. 336 (1976)).

## IV. Conclusion

For the foregoing reasons, National Union's motion to dismiss or stay [39], and CastlePoint's motion to remand and for attorneys' fees [50], are denied.


ENTER:

_____

Manish S. Shah
United States District Judge

Date: 12/3/14